UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERNST RITOPER,

                        Plaintiff,

        -against-

THE REPUBLIC OF ARGENTINA,

                        Defendant.

------------------------------------------------------------------X

07 Civ. 6426 (TPG)

**ANSWER**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated July 13, 2007 (the "Complaint"), respectfully states as follows:

        1.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

        2.      Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

        3.      Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 4 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 4 of the Complaint for its true and correct contents.

5. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA") and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

6. Paragraph 6 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the referenced document for its true and correct contents.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint. Paragraph 7 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 of the Complaint for its true and correct contents.

8. Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 of the Complaint for its true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10. Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents.

11. The Republic denies the allegations contained in Paragraph 11 of the Complaint.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the complaint. Paragraph 12 otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 of the Complaint for its true and correct contents.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

14. Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

## First Affirmative Defense

15. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

16. Plaintiff's claim is barred by the act of state doctrine.

### Third Affirmative Defense

17. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights he may otherwise have.

### Fourth Affirmative Defense

18. Plaintiff's claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

19. Plaintiff's claim is barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

20. Plaintiff's claim is barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

21. Plaintiff lacks standing and/or capacity to sue, because he is not a holder of bonds within the meaning of the 1993 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claim with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

     (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 29, 2007

                         CLEARY GOTTLIEB STEEN & HAMILTON LLP

                         By: _____
                            Jonathan I. Blackman (JB 3846)
                            Carmine D. Boccuzzi (CB 2177)

                         One Liberty Plaza
                         New York, New York 10006
                         (212) 225-2000

                         Attorneys for the Republic of Argentina