UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERNST RITOPER,                              :     07 Cv. 6426 (TPG)
                                                        ECF Case
              Plaintiff,       :
                                                  **AFFIDAVIT OF**
  - against -                               :     **MICHAEL C. LAMBERT**
                                                  **IN SUPPORT OF MOTION**
THE REPUBLIC OF ARGENTINA,           :     **OF PLAINTIFF ERNST**
                                                  **RITOPER FOR**
              Defendant.       :     **SUMMARY JUDGMENT**
------------------------------------------------------x

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF NEW YORK)

    MICHAEL C. LAMBERT, being duly sworn, deposes and says:

    1.    I am a member of the bar of this Court and of the law firm of Gilmartin, Poster & Shafto LLP, attorneys for plaintiff Ernst Ritoper ("<u>Plaintiff</u>"). I am fully familiar with the matters set forth herein and make this affidavit in support of Plaintiff's motion for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment in favor of Plaintiff.

    2.    Annexed hereto as <u>Exhibit A</u> is a copy of Plaintiff's Complaint herein (excluding the exhibits thereto).

    3.    Annexed hereto as <u>Exhibit B</u> is a copy of Defendant's Answer herein.

    4.    Annexed as Exhibit C to the January 14, 2008 Declaration of Plaintiff being concurrently submitted in support of the present motion are the original of Plaintiff's most recent account statement (in German) documenting Plaintiff's statement in that Declaration that he continues to own a $259,000

beneficial interest in the defaulted Bond at issue and an English translation of the relevant parts of such statement. The translation was done by Andreas Seuffert, a bi-lingual associate in my office whose native language is German. If the Court requires a certified translation by a third-party, we will, of course, procure and provide one.

                                                                       Michael C. Lambert

Sworn to before me this
11th day of February 2008.

_____
        Notary Public

           HAROLD S. POSTER
     Notary Public, State of New York
           No. 02PO5046537
      Qualified in New York County
   Commission Expires July 17, 200_

EXHIBIT A

JUL 16 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNST RITOPER,                                  :

               Plaintiff,   :   07 CIV 6426

   - against -                                     :   **COMPLAINT**

THE REPUBLIC OF ARGENTINA,         :

               Defendant.   :
------------------------------------------------------------x

       Plaintiff Ernst Ritoper ("Plaintiff"), by his attorneys, Gilmartin, Poster & Shafto LLP, for his complaint herein, alleges as follows:

       1.     Plaintiff was at all relevant times, and still is, a citizen of the Republic of Austria.

       2.     Defendant The Republic of Argentina ("Republic") was at all relevant times, and still is, a foreign state as defined in 28 U.S.C. §1603(a).

       3.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1330.

       4.     Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. §1391(f).

       5.     Plaintiff acquired beneficial interests in a certain bond, ISIN No. US040114AH34 (the "Bond") issued by the Republic, upon information and belief, pursuant to a Fiscal Agency Agreement, dated as of December 10, 1993 (the "1993 Fiscal Agency Agreement") in the principal amount of $259,000. Copies of the 1993 Fiscal Agency Agreement and

{00017314.DOC}

Exhibit 1 thereto (the "1993 Bond Form") are annexed hereto as Exhibits A and B, respectively.

6. The Bond has a maturity date of December 20, 2003 and a coupon rate of 8.375%.

7. Plaintiff still owns the beneficial interests in the Bond. A copy of Plaintiff's bank statement (including an English translation thereof) is annexed hereto as Exhibit C.

8. Pursuant to section 20 of the 1993 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including but not limited to sovereign immunity.

9. Pursuant to the 1993 Bond Form, the following, *inter alia*, are defined as "Events of Default":

> (a) the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or ...
>
> (d) a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

(Exhibit B at 7-8).

10. The 1993 Bond Form further provides that following either of the foregoing Events of Default, a note holder may give the Republic written notice declaring "the principal amount of Bonds held by [such holder] to be due and payable immediately." See Exhibit B at 8.

11. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the Bond.

12. In accordance with the first paragraph contained on page 8 of the 1993 Bond Form, by letter dated April 12, 2007, Plaintiff provided the Republic with written notice that he was declaring the principal on the Bond to be due and payable immediately. Plaintiff has received no response to such letter.

13. Despite such demand and the fact that the Bond has matured, the Republic has failed to make any payment of principal or interest due thereon to Plaintiff.

14. By reason of the foregoing, there has been an Event of Default on the Bond, and the Republic is in breach of its obligations to Plaintiff, and is liable for damages in the amount of $259,000, plus interest.

WHEREFORE, Plaintiff demands judgment against the Republic in the amount of $259,000, plus interest, and awarding Plaintiff costs and disbursements of suit and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 13, 2007

                                    GILMARTIN, POSTER & SHAFTO LLP

                                    By: /s/ Michael C. Lambert
                                        Michael C. Lambert (ML-3408)
                                    845 Third Avenue
                                    New York, New York  10022
                                    (212) 425-3220
                                    Attorneys for Plaintiff Ernst Ritoper

{00017314.DOC}4

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ERNST RITOPER,

                      Plaintiff,

          -against-

THE REPUBLIC OF ARGENTINA,

                      Defendant.
-------------------------------------------------------------- X

07 Civ. 6426 (TPG)

**ANSWER**

       Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated July 13, 2007 (the "Complaint"), respectfully states as follows:

       1.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

       2.     Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

       3.     Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

       4.     Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 4 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 4 of the Complaint for its true and correct contents.

5. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA") and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

6. Paragraph 6 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the referenced document for its true and correct contents.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint. Paragraph 7 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 of the Complaint for its true and correct contents.

8. Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 of the Complaint for its true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10.  Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents.

11.  The Republic denies the allegations contained in Paragraph 11 of the Complaint.

12.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the complaint. Paragraph 12 otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 of the Complaint for its true and correct contents.

13.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

14.  Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

15.  The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

16.    Plaintiff's claim is barred by the act of state doctrine.

### Third Affirmative Defense

17.    To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights he may otherwise have.

### Fourth Affirmative Defense

18.    Plaintiff's claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

19.    Plaintiff's claim is barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

20.    Plaintiff's claim is barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

21.    Plaintiff lacks standing and/or capacity to sue, because he is not a holder of bonds within the meaning of the 1993 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)    dismissing plaintiff's claim with prejudice;

(b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

---

[1]    The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

4

Case 1:07-cv-06426-TPG   Document 4   Filed 10/29/2007   Page 5 of 5

(c)   granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 29, 2007

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (JB 3846)
Carmine D. Boccuzzi (CB 2177)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina
