UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERNST RITOPER,                                 :        07 Cv. 6426 (TPG)
                                                        ECF Case
                   Plaintiff,                  :

     - against -                               :

THE REPUBLIC OF ARGENTINA,                     :

                   Defendant.                  :
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GILMARTIN, POSTER & SHAFTO LLP
845 Third Avenue
New York, New York 10022
(212) 425-3220
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

Preliminary Statement ............................................................ 1

Facts................................................................................ 2

ARGUMENT......................................................................... 6

    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW............................................................... 6

    A.    Plaintiff Has Established That Summary Judgment Is Warranted......................... 8

    B.    Each of the Republic's Affirmative Defenses Is Without Merit..................................... 11

        1.    The Failure to State a Claim Defense....................................................... 11

        2.    The Act of State and "Abuse of Rights" Defenses.......................................... 12

        3.    The Unclean Hands Defense.......................... 12

        4.    The Champerty Defense............................... 13

        5.    The Lack of Good Faith Defense..................... 13

        6.    The Lack of Standing/Capacity to Sue Defense................................................ 14

Conclusion ...................................................................... 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERNST RITOPER,                                        :     07 Cv. 6426 (TPG)
                                                            ECF Case
                Plaintiff,                  :

- against -                                           :

THE REPUBLIC OF ARGENTINA,                            :

                Defendant.                  :
------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#### Preliminary Statement

Plaintiff Ernst Ritoper ("Plaintiff") submits this memorandum of law in support of his motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment against defendant The Republic of Argentina (the "Republic") in this action for non-payment of a bond obligation owed to Plaintiff.

This case arises out of the Republic's December 2001 declaration of a moratorium on the payment of principal and interest on all of its foreign debt, including payments under the particular bond in which Plaintiff holds a beneficial interest in the principal amount of $259,000.

In numerous related cases, this Court has previously granted summary judgment to holders of bonds issued by the Republic that were subject to the moratorium and in default for the principal unpaid amounts of their bonds, plus accrued interest. See, e.g., Etevob v. The Republic of Argentina, 471 F. Supp.2d 432 (S.D.N.Y. 2007); Franceschi v. The Republic

{00019405.DOC}

of Argentina, 03 Cv. 4693 (TPG), 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006); Botti v. The Republic of Argentina, 05 Cv. 8687 (TPG), 2006 WL 2555984 (S.D.N.Y. Aug. 25, 2006); Sauco v. The Republic of Argentina, 05 Cv. 3955 (TPG), 2006 WL 1378468 (S.D.N.Y. May 16, 2006); Morata v. The Republic of Argentina, 04 Cv. 3314 (TPG), 2006 WL 1276751 (S.D.N.Y. May 10, 2006); Mazoral v. The Republic of Argentina, 04 Cv. 3313 (TPG), 2006 WL 1211146 (S.D.N.Y. May 5, 2006); Moldes v. The Republic of Argentina, 04 Cv. 6137 (TPG), 2006 WL 1211148 (S.D.N.Y. May 5, 2006); Prima v. The Republic of Argentina, 04 Cv. 1077 (TPG), 2006 WL 1211140 (S.D.N.Y. May 5, 2006); Mazzini v. The Republic of Argentina, 03 Cv. 8120 (TPG), 2005 U.S. Dist. LEXIS 5692 (S.D.N.Y. March 31, 2005); EM Ltd. v. The Republic of Argentina, 03 Cv. 2507, 2003 WL 22120745 (S.D.N.Y. Sept. 16, 2003); Lightwater Corp. v. The Republic of Argentina, 02 Cv. 3804 (TPG), 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003).

This case is indistinguishable and warrants a similar summary disposition.

## Facts

The relevant facts are set forth in the moving Declaration of Plaintiff, dated January 14, 2008 ("Pl. Dec."), which establishes the truth of the allegations set forth in the Complaint.[1]

---

[1] A copy of the Complaint (excluding exhibits) is annexed as Exhibit A to the accompanying affidavit of Michael C. Lambert, sworn to February 11, 2008 ("Lambert Affidavit"), being submitted concurrently herewith in support of this motion.

Between September 1995 and August 1996, Plaintiff, a citizen of the Republic of Austria, acquired beneficial interests in a certain bond, ISIN No. US040114AH34 (the "Bond") issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of December 10, 1993 (the "1993 Fiscal Agency Agreement") in the total principal amount of $259,000 (Pl. Dec., ¶2 and Exhs. A and B).

The Bond has a maturity date of December 20, 2003 and a coupon rate of 8.375% (Pl. Dec., ¶3).

Plaintiff still owns the beneficial interests in the Bond (as evidenced from his most recent account statement from Oberbank AG) and has held them continuously since his original acquisition back in 1995-1996 (Pl. Dec., ¶4 and Exh. C).

Pursuant to section 20 of the 1993 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including but not limited to sovereign immunity (Pl. Dec., ¶5).

Pursuant to the 1993 Bond Form, the following, *inter alia*, are defined as "Events of Default":

> (a)  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or ...
>
> (d)  a moratorium on the payment of principal of, or interest on, the Public External

> Indebtedness of the Republic shall be declared by the Republic.

(Pl. Dec., ¶6 and Exh. B).

The 1993 Bond Form further provides that following either of the foregoing Events of Default, a note holder may give the Republic written notice declaring "the principal amount of Bonds held by [such holder] to be due and payable immediately" (Pl. Dec., ¶7 and Exh. B).

In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its external foreign debt, including all payments due under the Bond (Pl. Dec., ¶8), as this Court has found time and again in previous cases involving the non-payment by the Republic of its bond obligations.  See, e.g., Etevob, 471 F. Supp.2d at 434; Franceschi, 2006 WL 2528460 at *1; Botti, 2006 WL 2555984 at *1; Sauco, 2006 WL 1378468 at *1; Morata, 2006 WL 1276751 at *1; Mazoral, 2006 WL 1211146 at *1; Moldes, 2006, WL 1211148 at *1; Prima, 2006 WL 1211140 at *1; Mazzini, 2005 U.S. Dist. LEXIS 5692 at *3; Lightwater, 2003 WL 1878420 at *2.

In accordance with the first paragraph contained on page 8 of the 1993 Bond Form, by letter dated April 12, 2007, Plaintiff provided the Republic with written notice that he was declaring the principal on the Bond to be due and payable immediately.  Plaintiff has received no response to such letter (Pl. Dec., ¶9).

Despite such demand and the fact that the Bond has matured, the Republic has failed to make any payment of principal or interest due thereon to Plaintiff (Pl. Dec., ¶10).

By reason of the foregoing, there has been an Event of Default on the Bond, and the Republic is in breach of its obligations to Plaintiff and liable to Plaintiff in the amount of $259,000, plus interest.

Plaintiff's Complaint was served on the Republic's agent for service of process, Banco de la Nacion Argentina, and the Republic has served and filed its Answer, a copy of which is annexed as <u>Exhibit B</u> to the Lambert Affidavit. In its Answer (¶5), the Republic admits that it entered into the 1993 Fiscal Agency Agreement and that it issued the Bond having ISIN No. US040114AH34 (<u>Id</u>.), and takes the position throughout the Answer that all the written documents referenced in the Complaint speak for themselves. The Republic also admits (Answer, ¶13) that "since December 2001 it has not paid interest or principal on nonperforming debt" (a curiously circular locution in that the debt is nonperforming only because the Republic chose not to pay it; there was certainly no nonperformance that acted as a justification for the Republic not to have made the payments). The affirmative defenses set forth in the Republic's Answer are addressed below in the argument section of this memorandum; all are devoid of merit.

**ARGUMENT**

**THERE ARE NO GENUINE ISSUES OF
MATERIAL FACT AND PLAINTIFF IS ENTITLED
TO JUDGMENT AS A MATTER OF LAW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings...together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, e.g., Fuller v. Instinet, Inc., 2004 U.S. App. LEXIS 27087 (2d Cir. Dec. 29, 2004); Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91 (2d Cir.), cert. denied, 534 U.S. 951 (2001); Weinstock v. Columbia Univ., 224 F.3d 33, 40 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003); Branch v. Sony Music Entertainment, Inc., No. 97 Civ. 9238 (TPG), 2001 WL 228108, at *2 (S.D.N.Y. Mar. 8, 2001), aff'd, 2002 WL 992289 (2d Cir. 2002). Here, the pleadings, together with Plaintiff's Declaration, show that Plaintiff holds a $259,000 interest in the Bond issued by the Republic and that the Republic is in default in making payment. They plainly establish that there are no factual issues that need to be tried and that summary judgment is warranted.

The non-moving party cannot defeat summary judgment by relying on "'mere conclusory allegations [or] speculation, but must offer some hard evidence showing that its version of the events is not wholly fanciful.'" Golden Pacific Bancorp. v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004), cert. denied, 546 U.S. 1012 (2005) (quoting D'Amico v. City of New

York, 132 F.3d 145, 149 (2d Cir. 1998)); accord, Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005); Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) Branch, 2001 WL 228108, at *2 ("A litigant may not defeat a motion for summary judgment solely through 'unsupported assertions' or 'conjecture.'"). The "adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Here, nothing alleged in the Republic's Answer gives rise to any genuine issue of material fact that would remotely defeat summary judgment.

Summary judgment is particularly appropriate where the issue before the court is the interpretation of an unambiguous contract, such as the 1993 Fiscal Agency Agreement and the 1993 Bond Form at issue here. See, e.g., Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment"); Adirondack Transit Lines, Inc. v. United Transportation Union, Local 1582, 305 F.3d 82, 85 (2d Cir. 2002).

Case 1:07-cv-06426-TPG   Document 10   Filed 02/11/2008   Page 10 of 17

Moreover, under New York law, the holder of a debt instrument establishes a *prima facie* entitlement to summary judgment by demonstrating the existence of the debt and the defendant's default.[2] See Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp.2d 448, 450 (S.D.N.Y. 2003) ("In cases involving notes and guaranties, the Court has held that a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder") (internal quotations omitted); accord, Orix Fin. Servs., Inc. v. Barnes, 05 Cv. 9665 (RJH), 2007 U.S. Dist LEXIS 74119 (S.D.N.Y. Sept. 28, 2007); National Union Fire Ins. Co. v. Fremont, 760 F. Supp. 334, 336 (S.D.N.Y. 1991); Dvoskin v. Prinz, 205 A.D.2d 661, 613 N.Y.S.2d 654, 655 (2d Dept. 1994).

A.  **Plaintiff Has Established That Summary Judgment Is Warranted.**

As noted above, this Court has previously granted summary judgment to plaintiff holders of bonds issued by the Republic in numerous cases addressing identical issues involving the non-payment by the Republic of its external foreign debt, including the Etevob, Franceschi, Botti, Sauco, Morata, Mazoral, Moldes, Prima, Mazzini, Lightwater and EM Ltd. decisions. See pages 1-2 above. In these cases, this Court has granted summary judgment to holders of bonds issued by the Republic for the principal amounts of their bonds plus accrued interest.

---

[2]  Both the 1993 Fiscal Agency Agreement and 1993 Bond Form (Pl. Dec., Exhs. A and B) contain New York choice of law provisions.

In particular, this Court has already determined that under the same 1993 Fiscal Agency Agreement at issue in this case, the Republic's obligations on the bonds is unconditional and that the Republic's failure to pay constitutes an Event of Default. See Etevob, 471 F. Supp.2d at 433; Franceschi, 2006 WL 2528460 at *1; Botti, 2006 WL 2555984 at *1; Sauco, 2006 WL 1378468 at *1; Morata, 2006 WL 1276751 at *1; Mazoral, 2006 WL 1211146 at *1; Prima, 2006 WL 1211140 at *1; Mazzini, 2005 U.S. Dist. LEXIS 5692 at *23-24. The relevant and material facts of this case, which also involves the 1993 Fiscal Agency Agreement, are indistinguishable.

As a result, Plaintiff is entitled to the application of offensive collateral estoppel in order to foreclose the Republic "from relitigating an issue that it has litigated unsuccessfully in another action." LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 433-34 (2d Cir. 1995) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326n.4 (1979)), cert. denied, 518 U.S. 1017 (1996); see United States v. Mendoza, 464 U.S. 154, 159 (1984); Tri-Ex Enterprises, Inc. v. Morgan Guar. Trust Co., 596 F. Supp.1, 7 (S.D.N.Y. 1983) ("It is undisputed that a litigant who was not a party to the first action may assert collateral estoppel offensively in a subsequent proceeding against the party who lost the decided issue in the prior case"); Benjamin v. Coughlin, 643 F. Supp. 351, 353 (S.D.N.Y. 1986).[3] The Republic has

---

[3]     The Second Circuit has set forth a four-part test for application of the bar of collateral estoppel:

previously been given a full and fair opportunity to litigate in this Court the issue of whether or not it is in default on its debt under the terms of the 1993 Fiscal Agency Agreement, and this Court has repeatedly ruled that it is. See, e.g., Etovob, Franceschi, Botti, Sauco, Morata, Mazorel, Prima and Mazzini. That prior determination fully supports judgment on the merits here.

Even if this Court were willing to permit the Republic to re-litigate such issue, summary judgment is nevertheless warranted as Plaintiff has demonstrated both elements of his *prima facie* case – the existence of the debt and defendant's default – neither of which the Republic will be able to dispute. The 1993 Fiscal Agency Agreement unquestionably gives rise to a binding obligation to pay Plaintiff and the Republic is unquestionably in default. See, e.g., Etovob, Franceschi, Botti, Sauco, Morata, Mazorel, Prima and Mazzini. Indeed, as set forth above, the Republic has conceded in its Answer that "since December 2001 it has not paid interest or principal on nonperforming debt" (Lambert Affidavit, Exh. B, ¶13). Plaintiff's Declaration and annexed exhibits demonstrate his current interest in the Bond. As this Court ruled in Mazzini, 2005 U.S.

---

(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986), cert. denied, 480 U.S. 948 (1987); accord, Faulkner v. National Geographic Enterprises, Inc., 409 F.3d 26, 37 (2d Cir. 2005).

Dist. LEXIS 5692 at *26,

> This Court will grant summary judgment to plaintiffs who provide (1) evidence of ownership of a particular bond, and (2) evidence specifically identifying that bond. In most cases, a properly executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their accounts.

Plaintiff has presented precisely such evidence so summary judgment should be entered in his favor.

**B.     Each of the Republic's Affirmative Defenses Is Without Merit.**

The Republic asserts the following affirmative defenses: (1) failure to state a claim; (2) the Act of State doctrine; (3) "To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights he may otherwise have"; (4) unclean hands; (5) the alleged doctrine of abuse of rights; (6) champerty under section 489 of the New York Judiciary Law; and (7) lack of standing and/or capacity to sue. None of these allegations are viable or stand in the way of summary judgment.

**1.     The Failure to State a Claim Defense.**

The Republic's failure to state a claim defense is without merit. Plaintiff has alleged all the requisite elements under New York law for a claim of breach of contract, including the existence of the contract, his own performance and the Republic's breach and damages. See Terwilliger v. Terwilliger, 206 F.3d 240, 245-56 (2d Cir. 2000); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994).

### 2. The Act of State and "Abuse of Rights" Defenses.

The Republic concedes in its Answer, citing <u>Lightwater</u>, that its Second and Fifth Affirmative Defenses (Act of State and abuse of rights) fail because those affirmative defenses have already been rejected by this Court. <u>See</u> Lambert Affidavit, Exh. B, p.4n.1.

### 3. The Unclean Hands Defense.

The Republic's unclean hands defense is without basis, legally or factually. First, the defense is an equitable one that is not available in an action at law seeking money damages. <u>See, e.g.</u>, <u>Natcontainer Corp.</u>, v. <u>Continental Can Co.</u>, 362 F. Supp. 1094, 1098 (S.D.N.Y. 1973) ("The interposition of the defense of unclean hands against relief in the form of money damages is clearly improper."); <u>accord</u>, <u>JSC Foreign Economic Ass'n Technostroyexport</u> v. <u>Int'l Dev. & Trade Servs., Inc.</u>, 386 F. Supp. 2d 461, 477 (S.D.N.Y. 2005); <u>Aniero Concrete Co.</u> v. <u>New York City Constr. Auth.</u>, 94 Cv. 9111 (CSH), 2000 U.S. Dist. LEXIS 8833 at *32 (S.D.N.Y. June 27, 2000); <u>518 East 80th Street Co.</u> v. <u>Smith</u>, 251 A.D.2d 215, 216, 674 N.Y.S.2d 680, 681 (1st Dept. 1998).

Second, this defense must be rejected as a matter of fact, because under the unambiguous terms of the 1993 Fiscal Agency Agreement, Plaintiff is unconditionally entitled to payments of principal and interest due and payable with respect to his interest in the Bond.

### 4. The Champerty Defense.

The champerty defense set forth in section 489 of the Judiciary Law has been rejected by this Court in previous Republic moratorium/non-payment of bond actions. In Lightwater, for example, this Court, in reliance on Elliot Assoc. v. Banco de la Nacion, 194 F.3d 363 (2d Cir. 1999), concluded that "where a bond is purchased with the intent to collect on that bond, the statute is not violated even though there is also an intention to collect by a lawsuit if necessary." Lightwater, 2003 WL 1878420 at *4; accord, EM Ltd., 2003 WL 22120745 at *3. This defense, as well as efforts to seek discovery with respect thereto, were also rejected by this Court in Mazzini, 2005 U.S. Dist. LEXIS 5692 at *27. Plaintiff here purchased his Bond interest prior to the 2001 moratorium and default (Pl. Dec., ¶2 and Exhs. A and B), and there is nothing in the record to suggest that his purchase was made for anything other than a normal investment purpose. The present facts therefore, are no different than in those cases where the Court has already rejected the champerty defense and closed the door on the possibility that additional discovery might conceivably turn up evidence that might support such a far-fetched defense. There is no reason why this particular defense should not be likewise summarily rejected in this case.

### 5. The Lack of Good Faith Defense.

The Republic's vaguely and hypothetically worded defense based on a possible lack of good faith by Plaintiff in commencing and prosecuting this

action is entirely speculative, appears to be but another formation of its baseless champerty defense, and has no discernable basis in fact.

### 6. The Lack of Standing/Capacity to Sue Defense.

This defense is expressly predicated on the proposition that plaintiff is not a holder of the bonds within the meaning of the 1993 Fiscal Agency Agreement (Lambert Affidavit, Exh. B, ¶21). In numerous prior Republic bond payment default cases (e.g., Etevob, Franceschi, Botti, Sauco, Morata, Mazorel, Moldes and Prima), however, the Republic agreed to waive this defense provided the Court determined that that plaintiff, in fact, is a current bond holder. Plaintiff here has made a showing of his beneficial interest in the Bond that unquestionably supports a similar determination in this case so this defense should be deemed waived in this case as well. In any event, the defense is totally without merit as Plaintiff has proven that he is, in fact, a bondholder.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that his motion for summary judgment be granted in all respects.

Dated: New York, New York
       February 11, 2008

                                      Respectfully submitted,

                                      GILMARTIN, POSTER & SHAFTO LLP

                                      By: /s/ Michael C. Lambert
                                          Michael C. Lambert (ML-3408)
                                      845 Third Avenue
                                      New York, New York  10022
                                      (212) 425-3220
                                      Attorneys for Plaintiff Ernst Ritoper

Of Counsel:
Andreas Seuffert